UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN BENJAMIN ODOMS,

    Plaintiff,

vs.

HOWARD SKOLNIK, *et al.*,

    Defendants.

3:09-cv-00223-RCJ-VPC

**ORDER**

Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* has been granted. (Docket #3). Plaintiff sought and received permission from this Court to file an amended complaint. (Docket #11, #12). The Court now reviews the amended complaint. (Docket #14).

**I. Screening Standard**

Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C.§ 1915A. Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

///

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Amended Complaint (Docket #14)**

Plaintiff names the following defendants in the amended complaint: Nevada Department of Corrections (NDOC) Director Howard Skolnik; NDOC Medical Director Bruce Bannister; NDOC physician Karan Gedney; NDOC physician Marsha Johns; NDOC physician John Perry; Deputy Attorney General Clark Leslie; and correctional officers Rameriz, Fournier, Krabbenhoff, Wiley, Lewis, and Murvuia.

**Count I**

Plaintiff begins his amended complaint by stating that he was diagnosed with hepatitis C in 1995, and that he has never received treatment for his disease. Plaintiff asserts an Eighth Amendment claim in Count I of the amended complaint. Plaintiff alleges that defendant Howard Skolnik entered into a

contract with a private company to provide medical care to inmates within the Nevada Department of Corrections, and that defendant Bruce Bannister created a utilization panel to oversee this project. Plaintiff alleges that the members of the utilization panel make decisions on which inmates receive treatment and which inmates do not. Plaintiff alleges that the members of the utilization panel are Drs. Karan Gedney, Marsha Jones, John Perry, NDOC Medical Director Bruce Bannister, and NDOC Director Howard Skolnik. Plaintiff alleges that the panel has engaged in a policy, practice, and custom of failing to treat inmates with hepatitis C, and that this policy has caused irreparable injury to plaintiff's liver. (Am. Compl., at p. 6).

Plaintiff alleges that, under the policy and practice that exists, it is a "waste of time" for inmates with hepatitis C to request treatment by a liver specialist. Plaintiff alleges to have requested to see a liver specialist at his annual check-up on March 26, 2009, to no avail. (Am. Compl., at p. 7). Plaintiff also complains that he has not received treatment for a nail fungus and diarrhea, and that he has symptoms including drowsiness, loss of appetite, and irritability. Plaintiff alleges that he has been given ibuprofen by medical staff on numerous occasions, but he has not been warned that ibuprofen can cause severe liver damage. Plaintiff further alleges that the failure to treat his hepatis C may lead to cirrhosis of the liver, and exposes him to a greater risk of pneumonia, esophageal problems, candidiasis, salmonella, wasting syndrome, cirrhosis, and liver cancer, and other serious medical conditions. (Am. Compl., at p. 7).

A prisoner's claim of inadequate medical treatment does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent

manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.*

Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to medical needs based on the alleged policy, custom, and practice of failing to treat inmates for hepatitis C. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Count I will be allowed to proceed against defendant Drs. Karan Gedney, Marsha Jones, John Perry, Nevada Department of Corrections Medical Director Bruce Bannister, and Nevada Department of Corrections Director Howard Skolnik.

**Count II**

Plaintiff alleges that the defendants named in Count I have engaged in a "civil conspiracy" to violate plaintiff's right to "equal treatment under the law." (Am. Compl., at p. 8). Plaintiff repeats the allegations contained in Count I of the amended complaint, regarding defendants' failure to treat his hepatitis C. (*Id.*).

It appears that plaintiff is asserting a claim under 42 U.S.C. § 1985(3) for conspiracy to violate a person's equal protection rights. A claim for relief under 42 U.S.C. § 1985 requires: (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right of privilege of a citizen of the United States. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citation omitted); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). "The language requiring intent to deprive of equal protection . . . means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. 88, 102 (1971). The Ninth Circuit has extended § 1985(3) "beyond race only when the class in question can show that there has been a governmental determination that its members require and warrant special federal assistance in protecting their civil rights." *Sever*, 978 F.2d at 1536 (citation omitted).

In the instant case, plaintiff fails to state a claim under 42 U.S.C. § 1985(3) for conspiracy to violate his equal protection rights. Plaintiff has not alleged facts indicating an equal protection violation, and has not otherwise met the requirements of stating a conspiracy claim. Rather, Count II merely

repeats the allegations made in Count I of the amended complaint. As such, Count II is dismissed with prejudice.

**Count III**

In Count III of the amended complaint, plaintiff alleges violation of his rights under the First, Fifth, and Fourteenth Amendments to the Constitution. Plaintiff characterizes the constitutional violations as retaliation and denial of access to the courts. Plaintiff alleges the following events: In May 2009, Deputy Attorney General Clark Leslie sought to discover who was assisting inmate Michael Pacheco with pleadings in an unrelated lawsuit. (Am. Compl., at p. 9). Defendant Leslie contacted the Northern Nevada Correctional Center and spoke with correctional officer Ramirez, who in turn contacted the prison law library supervisor, who in turn contacted defendant Krabbenhoff, located in Unit 2, C-Wing. (*Id.*, at pp. 9-10). Defendant Krabbenhoff searched plaintiff's cell and found legal materials, including the files of inmate Michael Pacheco and other inmates. (*Id.*, at p. 10). These items were turned over to investigator Fournier on May 29, 2009, and the items were returned on August 22, 2009. (*Id.*, at p. 10). Plaintiff alleges that these actions denied him access to the court. (*Id.*)

On June 15, 2009, defendant Krabbenhoff again searched plaintiff's cell and confiscated plaintiff's documents, including legal research. (*Id.*, at p. 11). On September 23, 2009, a disciplinary hearing was held with defendant Wiley. Plaintiff was found guilty of possessing the financial statement of another inmate. (*Id.*, at p. 11). Plaintiff's penalty for the rule violation included loss of use of personal appliances, such as a radio, night light, headphones, a compact disk, and personal clothing. (*Id.*, at pp. 11-12).

First, it must be noted that a prisoner's legal assistance to other inmates deserves no more First Amendment protection than any other prisoner speech. *Shaw v. Murphy*, 532 U.S. 223, 231-32 (2001). Regarding plaintiff's allegation of denial of access to the courts, a prisoner alleging a violation of his right of access to the courts must have suffered "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). The right to access the courts is limited to direct criminal appeals, habeas corpus proceedings, and civil rights actions challenging conditions of confinement. *Id.* at 354-55. "The actual-injury

requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. In the instant case, plaintiff was not engaged in a direct criminal appeal, habeas corpus proceeding, or a civil rights action challenging plaintiff's conditions of confinement. Rather, plaintiff complains that the legal materials seized by prison staff were pleadings of *other inmates*. Plaintiff fails to state a cognizable claim for denial of access to the courts. Finally, plaintiff also fails to state a claim for retaliation, as he has not alleged a causal link between the exercise of any protected activity and retaliatory behavior by any of the named defendants. *See Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). Plaintiff fails to state a viable retaliation or denial of access to the courts claim against any defendant, and therefore, Count III will be dismissed with prejudice.

### III. Conclusion

**IT IS THEREFORE ORDERED** that **Count I** of the amended complaint **SHALL PROCEED** against defendants Karan Gedney, Marsha Jones, John Perry, Bruce Bannister, and Howard Skolnik.

**IT IS FURTHER ORDERED** that **Counts II and III** of the amended complaint are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that defendants Deputy Attorney General Clark Leslie and correctional officers Rameriz, Fournier, Krabbenhoff, Wiley, Lewis, and Murvuia are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that plaintiff's motion for exemption of copy cost fees (Docket #15) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's "motion for a filed copy of the complaint and 13 summons" (Docket #18) is **DENIED.**

**IT IS FURTHER ORDERED** that as to Count I of the amended complaint:

1. The Clerk **shall electronically serve a copy of this order, including the attached Notice of Intent to Proceed with Mediation form, along with a copy of plaintiff's amended complaint, on the Office of the Attorney General of the State of Nevada, to the attention of Pamela Sharp**.

2. The Attorney General's Office shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether it can accept service of process for the named defendants. As to any of the named defendants for which the Attorney General's Office cannot accept service, the Office shall file, *under seal*, the last known address(es) of those defendant(s).

3. If service cannot be accepted for any of the named defendant(s), plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for said defendant(s). Plaintiff is reminded that, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint was filed.

4. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the amended complaint within **thirty (30) days** following the date of the early inmate mediation. If the court declines to mediate this case, an answer or other response shall be due within **thirty (30) days** following the order declining mediation.

5. The parties **SHALL DETACH, COMPLETE, AND FILE** the attached Notice of Intent to Proceed with Mediation form on or before **thirty (30) days** from the date of entry of this order.

Dated this 19th day of October, 2010.

_____
UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____, )   Case No. _____
            Plaintiff,            )
                                  )
v.                                )   **NOTICE OF INTENT TO**
                                  )   **PROCEED WITH MEDIATION**
_____   )
                                  )
_____   )
            Defendants.           )
_____   )

    This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1.    Do you wish to proceed to early mediation in this case? ____ Yes ____ No

2.    If no, please state the reason(s) you do not wish to proceed with mediation? _____

_____

_____

_____

3.    List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

_____

_____

_____

4.    List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

_____

_____

_____

_____

5. Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

Counsel for defendants: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this ____ day of _____, 20____.

_____
Signature

_____
Name of person who prepared or
helped prepare this document