Case 3:09-cv-00223-RCJ-VPC   Document 38   Filed 04/18/11   Page 1 of 8

FILED ____ RECEIVED
____ ENTERED ____ SERVED ON
COUNSEL/PARTIES OF RECORD

APR 18 2011

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JOHN ODOMS,

    Plaintiff,

v.

HOWARD SKOLNIK, et al.

    Defendants.

3:09-cv-00223-RCJ-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

April 18, 2011

    This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (#30).[1] Plaintiff opposed (#32) and defendants replied (#33). Plaintiff filed an additional document, styled "Memorandum Reply" (#35). Defendants submitted a motion to strike plaintiff's "Memorandum Reply" (#36). The court has thoroughly reviewed the record and recommends that defendants' motion to dismiss (#30) and motion to strike (#36) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

    Plaintiff John Odoms ("plaintiff"), a *pro se* inmate, is currently incarcerated at High Desert State Prison ("HDSP") in the custody of the Nevada Department of Corrections ("NDOC") (#17). Plaintiff's first amended complaint, after the court's screening pursuant to 28 U.S.C. § 1915A, includes claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment, against defendants Gedney, Jones, Perry, Bannister, and Skolnik (#19, p. 6). Specifically, plaintiff alleges that defendants are all members of the panel that determines which inmates receive medical treatment (#14, p. 6). Plaintiff believes the panel engages in a "policy, practice, and custom" of failing to treat inmates with hepatitis C, and that this policy has caused "irreparable injury" to plaintiff's liver. *Id.* Plaintiff claims that under the current policy "it is a waste

---

[1]     Refers to the court's docket numbers.

of time to ask to see a liver specialist." *Id.* at 7. Plaintiff also complains that NDOC medical staff failed to treat his nail fungus, diarrhea, drowsiness, loss of appetite, and irritability. *Id.*

Defendants filed a motion to dismiss plaintiff's first amended complaint for failure to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA") and Administrative Regulation ("AR") 740 (#30). Defendants argue that plaintiff indicated on his amended complaint that he failed to exhaust his administrative remedies by "writing 'N/A' across the section that asks whether the grievance procedure has been exhausted." *Id.* at 3. However, plaintiff also "identifi[ed] grievances 2006-28-70367 and 2006-28-83554 as grievances relevant to his complaint."[2] *Id.* Defendants note that grievance 2006-28-70368 "alleged refusal to treat [plaintiff's] Hepatitis C, nail fungus and enlarged prostate;" however, defendants argue that plaintiff failed to file a second level grievance in this matter, thus failing to exhaust his administrative remedies. *Id.* at 3-4. Defendants further explain that grievance 2006-28-8335 "relates to the confiscation of Plaintiff's altered CD player," and is unrelated to this litigation. *Id.* at 4. Finally, defendants claim that "[p]laintiff did not file any grievance aside from the unexhausted grievance . . . relating to the medical treatment at issue in this litigation." *Id.*

To support these assertions, defendants include an affidavit authenticating an attached copy of NDOC AR 740, a copy of plaintiff's grievance forms for grievance 2006-28-70368, and an affidavit authenticating attached copies of plaintiff's inmate issue history (#30-1). The court's review of these materials confirms that defendants only possess informal and first level grievances for this matter. *Id.* at 43-46. The NOTIS report for this grievance indicates that on April 21, 2009, NDOC returned plaintiff's grievance form with the following note: "Mr. Odoms, You'll be called for an appointment with our internal medicine physician soon, for review. She will determine your candidacy for treatment or not. Grievance resolved." *Id.* at 47. There is no indication in the NOTIS report that plaintiff filed a second level grievance for this matter. *Id.* Defendants also attach

---

[2] The court notes that defendants identify the relevant grievance to which plaintiff referred as 2006-28-70367 throughout the instant motion (#30, p. 3-4); however, plaintiff identified the grievance number as 2006-28-70368 (#14, p. 14). This is also the number listed on the grievance forms attached to defendants' motion (#30-1, p. 43-47). Defendants appear to have made a typographical error. The court will refer to the grievance by the correct number, 2006-28-70368.

2

plaintiff's inmate issue history, which includes all grievances filed by plaintiff for the period of February 5, 2008, through January 28, 2011. *Id.* at 51-61. Upon review of the eleven page inmate issue history, the court notes there are no references to defendants' failure to treat plaintiff's Hepatitis C, nail fungus, diarrhea, drowsiness, loss of appetite, or irritability, other than the previously discussed grievance. *Id.* The history does include grievances related to other health concerns, such as a rash and a pulled back muscle; however, these claims are not included in plaintiff's first amended complaint. *Id.* at 5, 8.

In his opposition, plaintiff discusses the merits of his Eighth Amendment claim in a document he refers to as his "Opposition to Motion for Summary Judgment" (#32). Plaintiff attaches a second memorandum, titled "Responsive Memorandum," in which he addresses exhaustion of his claims (#32-1). In this portion of his opposition, plaintiff seems to argue that AR 740 was not appropriately implemented according to NRS 209.131(6). *Id.* at 2-4. Plaintiff then claims he did not receive a response to his first level grievance for grievance number 2006-28-70368; therefore, plaintiff contends that he did exhaust his administrative remedies. *Id.* at 2-3. Finally, plaintiff claims that "the second level, and third level grievance form[s] to the Dir. Howard Skolnik" were destroyed by another inmate. *Id.* at 5. In support of his arguments, plaintiff attaches to his opposition the following: (1) a duplicate copy of the inmate grievance report for grievance 2006-28-70368; (2) his inmate issue history for the dates August 26, 2010, through December 27, 2010, detailing grievances about loss of property and the inability to take a chess board to the yard; (3) a duplicate copy of Lorin Taylor's declaration, legal researcher for the Attorney General's office; (4) a duplicate copy of a flyer about AR 740; and (5) an inmate request form from January 25, 2011, stating that inmate Collins "trashed [plaintiff's] legal work" (#32-2).

In their reply, defendants state that plaintiff's arguments contained within his "Responsive Memorandum" lack merit (#33, p. 2). Specifically, defendants explain that the Board of Prison Commissioners appropriately approved AR 740, following a period for public comments. *Id.* at 3. Defendants attach the minutes of the meetings during with the Board approved the regulation (#33-1). Defendants also note that plaintiff's first level grievance for grievance 2006-28-70368 was denied and returned to him on April 21, 2009, as evidenced by the inmate grievance report

3

previously attached to defendants' motion. *Id.* at 3. Defendants comment that even if plaintiff's first level grievance did not receive a response, under AR 740 plaintiff still would have had to submit a second level grievance form. *Id.* at 3-4. Finally, defendants note that plaintiff's assertion that he filed second and third level grievances is not supported by the evidence available in the NOTIS system. *Id.* at 4.

Plaintiff filed a "Memorandum Reply" in response to defendants' reply (#35). Defendants' subsequently filed a motion to strike plaintiff's "Memorandum Reply," characterizing the document as a surreply, which plaintiff's did not have leave to file (#36).

The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. DISCUSSION & ANALYSIS

### A. Discussion

Failure to exhaust is an affirmative defense under the PLRA rather than a jurisdictional requirement, and defendants bear the burden of raising and proving that the plaintiff has not exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003), *cert denied*, 540 U.S. 810 (2003). Inmates are not required to specifically plead or demonstrate exhaustion in their complaints; rather, it is the defendant's responsibility to raise the issue in a responsive pleading. *Jones*, 549 U.S. at 216.

Failure to exhaust is treated as a matter in abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt*, 315 F.3d at 1119. The court may look beyond the pleadings to decide disputed issues of fact without converting the motion into one for summary judgment; however, "if the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119-20, *as noted in O' Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007); *see also Rizta v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365 (9th Cir. 1988) ("[F]ailure to exhaust nonjudicial remedies should be raised in a motion to dismiss, or be treated as

4

such if raised in a motion for summary judgment.").

### 1. Prison Litigation Reform Act of 1996

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001). Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739-40 n.5). Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741. Recent case law demonstrates that the Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

Plaintiffs must properly exhaust nonjudicial remedies as a precondition to bringing suit. The PLRA requires "proper exhaustion," meaning that the prisoner must use "all steps the agency holds out, and doing so *properly* (so that the agency addresses the merits)." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). Requiring exhaustion prior to filing suit furthers the congressional objectives of the PLRA as set forth in *Porter v. Nussle*, 534 U.S. 516, 524-25. *See id.* at 1200.

### 2. NDOC Procedures

"Applicable procedural rules [for proper exhaustion] are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218.

The NDOC grievance procedure is governed by AR 740 (#30-1, p. 4-41). Defendants attach to their motion the relevant version of AR 740, which was in effect at the time plaintiff filed his grievance. *Id.* In order for plaintiff to exhaust available remedies at the time of his injury, AR 740 required the following: (1) an informal review level, which "shall be reviewed and responded to by the inmate assigned caseworker" in consultation with other appropriate staff; (2) a first level formal grievance, which "shall be reviewed and responded to by the Warden;" and (3) a second level

5

grievance, which "shall be reviewed and responded to by either the Assistant Director of Operations, Assistant Director of Support Services, Offender Management Administrator, Medical Director, or Correctional Programs Administrator." *Id.* at 13.

Once received, NDOC logs informal grievances into a tracking system. *Id.* at 16. The caseworker assigned to the grievance will provide the inmate with a response within twenty-five days, unless more time is required to conduct further investigation. *Id.* at 17. If the inmate is not satisfied by NDOC's response to his informal grievance, he may appeal the decision within five days by filing a first level grievance. *Id.* at 18-19. NDOC will provide a response within twenty days of receipt of the first level grievance. *Id.* at 19. Finally, if the inmate is not satisfied with the first level grievance outcome, he may file a second level grievance, to which the NDOC will respond within twenty days. *Id.* at 19-20. Inmates may proceed to the next grievance level if they do not receive a response within the time frame indicated in the regulation. *Id.* at 16. Upon completion of the grievance process, inmates may pursue civil rights litigation in federal court.

**B. Analysis**

    **1. Motion to Dismiss**

Defendants believe that plaintiff's first amended complaint should be dismissed because plaintiff did not file a second level grievance related to defendants' alleged failure to treat his Hepatitis C and other medical conditions. Defendants attach plaintiff's grievance forms and the NOTIS records for this grievance, both of which confirm the fact that plaintiff did not file a second level grievance as required by the PLRA and AR 740.

Plaintiff first contends that AR 740, the prison's grievance procedure, was not enacted properly, though the logic supporting this argument is unclear due to plaintiff's sparse factual support for this assertion. For example, plaintiff claims that "A.R. 740 is a bilateral document which has loop-holes and legal trap's [sic] to deceive NDOC inmates" (#32-1, p. 4). The court is at a loss to determine the precise meaning of this comment or to discern how this relates to the process NDOC employed to enact the regulation. Further, defendants submitted evidence in their reply of NDOC's public comment period for the regulation and the process by which the regulation was approved by the Board of Prison Commissioners. The court finds that plaintiff's argument that NDOC did not

enact AR 740 lawfully, thus excusing his failure to exhaust, to be without merit.

Plaintiff's second argument is that he did not receive a response to his first level grievance for grievance number 2006-28-70368; therefore, he was not required to file a second level grievance to exhaust his administrative remedies. However, the NOTIS records submitted by plaintiff and defendant show that NDOC responded to plaintiff's first level grievance on April 21, 2009. Additionally, as defendants note, AR 740 allows inmates to proceed with the grievance filing process even if they do not timely receive a response. The court is convinced that plaintiff did receive a response to his first level grievance. Further, if he did not receive one, he was still obliged to file a second level grievance.

Finally, plaintiff argues that he filed second and third level grievances, copies of which were destroyed by another inmate. The court is not persuaded by this claim, given that the grievance process does not include a third level and the NOTIS system does not include record of such filings. Therefore, the court recommends that defendants' motion to dismiss plaintiff's first amended complaint (#30) be granted and that plaintiff's first amended complaint (#14) be dismissed without prejudice because plaintiff failed to exhaust his administrative remedies.

### 2. Motion to Strike

Defendants request that this court strike plaintiff's "Memorandum Reply" (#35), as the defendants characterize the document as a surreply for which plaintiff did not have the court's leave to file. The court agrees with defendants' assessment. Local Rule 7(b) outlines the briefing schedule for motions before the court and does not allow for the filing of a surreply, absent the court's permission. Therefore, the court recommends that defendants' motion to strike plaintiff's "Memorandum Reply" (#36) be granted.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that defendants met their burden of proving that plaintiff failed to exhaust his administrative remedies for his Eighth Amendment claims against defendants. These are plaintiff's only remaining claims after screening; therefore, the court recommends that defendants' motion to dismiss plaintiff's first amended complaint (#30) be **GRANTED**. The court also recommends that defendants' motion to strike

1 plaintiff's "Memorandum Reply" (#36) be **GRANTED**. The parties are advised:

2     1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

    2.    This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (#30) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that plaintiff's first amended complaint (#14) be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that defendant's motion to strike (#36) be **GRANTED**.

DATED: April 18, 2011.

_____
UNITED STATES MAGISTRATE JUDGE