**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JOHN BENJAMIN ODOMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:09-cv-00223-RCJ-VPC |
| vs. | ) | |
| | ) | |
| HOWARD SKOLNIK et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

The Court recently adopted the Magistrate Judge's Report and Recommendation and dismissed Plaintiff's First Amended Complaint in this prison-conditions case. Plaintiff filed the present "Motion to Re[s]cind Court's Order" (ECF No. 44) within twenty-eight days, so the Court will treat it as a motion to reconsider under Rule 59(e). Plaintiff has appealed directly, but the Court of Appeals may not proceed until the Court rules on the present motion.

Plaintiff argues that there was a genuine issue of material fact as to whether he filed a second-level grievance, so the Court erred in adopting the Magistrate Judge's conclusion that Plaintiff had failed to exhaust his administrative remedies under Administrative Regulation 740. But the only evidence Plaintiff has ever adduced on the matter appears to be the grievance records and an affidavit of an official confirming that he never filed any second-level grievance. (*See* ECF No. 32-1). And Plaintiff's allegations of having exhausted his administrative remedies, unlike allegations going to the merits, are not enough to survive a motion to dismiss

1  based on failure to exhaust.  As the Magistrate Judge correctly explained, a motion for failure to
2  exhaust is properly treated as an unenumerated Rule 12(b) motion under which a court may look
3  beyond the pleadings without implicating the standards of Rule 56. *See Wyatt v. Terhune*, 315
4  F.3d 1108, 1119–20 (9th Cir. 2003).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 44) is DENIED.

IT IS SO ORDERED.

Dated this 8th day of November, 2011.

_____
ROBERT C. JONES
United States District Judge